UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA

MEMORANDUM & ORDER

07-CR-192 (NGG)

-against-

ROSHAWN MERISIER,

Defendant.
-----------------------------------------------------------X
NICHOLAS G. GARAUFIS, United States District Judge.

On December 7, 2007, Defendant Roshawn Merisier ("Merisier") pleaded guilty to a two-count superseding information. (See Sealed Pleading Transcript dated Dec. 7, 2007 ("Plea Tr.").) Count One of the information charged Merisier with conspiracy to distribute and possess with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A)(iii), 846. (See Superseding Information.) Count Two charged Merisier with illegal dealing in firearms, in violation of 18 U.S.C. §§ 922(a)(1)(A), 924(a)(1)(D)(2). (See id.) In an April 23, 2010 ruling from the bench, the court denied Merisier's motion to withdraw his guilty plea and stated that a written decision would follow. The court now issues this Memorandum & Order supplementing its previous ruling.

I.  BACKGROUND

   A.  Cooperation Agreement

On August 13, 2007, Merisier signed a cooperation agreement with the Government. (Cooperation Agmt., Plea Tr. & Ct. Ex. 1.) In the agreement, the Government consented to limit the charges it would file against Merisier in connection with the charged conduct. (Id. ¶ 4.) The Government also agreed to file a motion pursuant to U.S.S.G. § 5K1.1 at Merisier's sentencing if

1

he satisfactorily performed his obligations under the cooperation agreement. (See id. ¶ 6.) In exchange, Merisier agreed to waive indictment and plead guilty to a two-count superseding information; to "provide truthful, complete, and accurate information" regarding, inter alia, "his participation and knowledge of all criminal activities"; and not to "commit or attempt to commit, any further crimes." (Id. ¶¶ 3, 8.) The agreement provided that if Merisier

> has failed to cooperate fully, has intentionally given false, misleading or incomplete information or testimony, has committed or attempted to commit any further crimes, or has otherwise violated any provision of this agreement, [he] will not be released from his plea of guilty, but the [U.S. Attorney's Office for the Eastern District of New York] will be released from its obligations under this agreement . . . ."

(Id.)

The cooperation agreement states that Count One of the superseding information principally exposes Merisier to a maximum term of life imprisonment and a minimum term of ten years imprisonment. It states that Count Two principally exposes Merisier to a maximum term of imprisonment of five years and a minimum of zero years. (Id. at 1-2.) The agreement further notes that the sentences for each count may run consecutively. (Id. at 2.) On the last page of the agreement, Merisier signed his name under the following recital: "I have read the entire agreement and discussed it with my attorney. I understand all of its terms and am entering into it knowingly and voluntarily." (Id. at 9.) Merisier's attorney and the Government also executed the agreement. (Id.)

### B. Merisier's Plea Allocution

Merisier pleaded guilty on December 7, 2007. (See Plea Tr.) At his plea hearing, the court accepted Merisier's waiver of his right to indictment by grand jury. (See id. at 6.) The court explained to Merisier, inter alia, that by pleading guilty he would be giving up the right to plead not guilty, the right to a speedy and public trial with the assistance of an attorney,

2

and the right not to incriminate himself. (See id. 11-13.) Under oath, Merisier stated that he understood that he would be giving up these rights by pleading guilty. (See id.) Merisier also acknowledged that if he pleaded guilty, "[t]here will be no appeal on the question of whether [he] did or did not commit [the charged] crimes. The only thing [he] could appeal would be if [he] thought [the court] did not follow the law properly in sentencing [him]." (See id. at 13.)

Merisier also acknowledged that he had read and signed the cooperation agreement. (See id. at 14) He stated that he understood all his rights and obligations under the agreement, that he discussed the agreement with his attorney, and that his attorney answered any and all questions that he had about it. (See id.) Merisier's attorney also stated that, in his view, Merisier understood his rights and obligations under the agreement. (See id.)

The court twice invited Merisier to raise any questions about the proceedings: once at the outset of the allocution and, again, immediately before accepting his plea. (See id. at 6-7, 20.) Merisier declined both invitations. The court then accepted Merisier's guilty pleas, finding that he had pleaded guilty voluntarily and with a full understanding of the charges filed against him, as well as the rights and consequences of pleading guilty. (See id. at 24.) The court also stated that a factual basis for Merisier's plea existed. (Id.)

### C. Merisier's Alleged Breach of his Cooperation Agreement

The Government contends that Merisier breached his cooperation in several material ways. First, the Government asserts that Merisier forfeited his rights under the cooperation agreement by withdrawing from further cooperation. (Gov't Mem. 6.) At the court's conference on April 23, 2010, defense counsel confirmed that Merisier had in fact withdrawn from the

3

cooperation agreement.[1] (See Conference Tr. dated Apr. 23, 2010, at 7-8.) The Government also asserts that Merisier violated his cooperation agreement's prohibition on engaging in further criminal conduct. The Government states that Merisier was arrested by the New York City Police Department on three separate occasions between December 21, 2007 and March 3, 2008, twice for crack cocaine-related charges and once for gambling and smoking marijuana in public. (Gov't Mem. 6.) Finally, the Government asserts that in violation of his obligation for full and truthful disclosure at proffer sessions, Merisier discussed a wide range of previously undisclosed criminal conduct by him and others during a series of proffers at which defense counsel was present. (Id.)

### D. Merisier's Motion to Withdraw His Guilty Plea

Merisier first indicated that he would to move to withdraw his guilty plea during an appearance before the court for sentencing on March 10, 2010. (See Minute Entry (Docket Entry # 68).) In a supporting affidavit, he states that he did not enter his guilty pleas knowingly and intelligently. (See Merisier Affidavit dated Mar. 26, 2010 ("Merisier Aff.") ¶ 3.) He claims that he was never told, and never understood, that he would be prohibited from withdrawing his guilty plea. (Id. ¶ 5.) He claims that his understanding was that "if [he] were not to be sentenced pursuant to the terms and obligations contained in the plea agreement; [he] would not be prohibited from withdrawing" his guilty plea. (Id. ¶ 4.) In his memorandum of law, Merisier states that "it was never fully explained to him that he could not withdraw his pleas of guilty if the agreement he entered into with the government could not be enforced." (Merisier Mem. of

---

[1] Because Merisier concedes that he withdrew from his cooperation agreement, the court does not address whether Merisier also breached his cooperation agreement through subsequent criminal conduct or by failing to disclose prior criminal conduct.

4

Law 2.) Merisier asserts his "limited education" and "difficulty understanding complex issues" prevented him from appreciating the finality of pleading guilty. (Merisier Aff. ¶ 6.)

## II.  DISCUSSION

### A.  Legal Standard

A defendant has no absolute right to withdraw a guilty plea. United States v. Avellino, 136 F.3d 249, 261 (2d Cir. 1998). Under Rule 11 of the Federal Rules of Criminal Procedure, a defendant may withdraw a guilty plea after the court accepts it, but before the court imposes sentence, if "the defendant can show a fair and just reason for requesting the withdrawal."[2] Fed. R. Crim. P. 11(d)(2)(B). "The defendant bears the burden of showing that there are valid grounds for relief." United States v. Maher, 108 F.3d 1513, 1529 (2d Cir. 1997). "A defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997). "The fact that a defendant has a change of heart prompted by his reevaluation of either the Government's case against him or the penalty that might be imposed is [also] not a sufficient reason to permit withdrawal of a plea." United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992).

Whether a "fair and just" reason exists depends on three factors: (1) the time lapse between the plea and the motion, (2) whether the defendant asserts that he is innocent, and (3) whether the government would be prejudiced by withdrawal of the plea. United States v. Karro, 257 F.3d 112, 117 (2d Cir. 2001). But the government does not have to "demonstrate prejudice

---

[2] Prior to 2002, the Rule 11 standard for withdrawing a guilty plea was codified at Rule 32 of the Federal Rules of Criminal Procedure. See United States v. Rosen, 409 F.3d 535, 545 (2d Cir. 2005). Because the substantive standard remained the same, cases interpreting the Rule 32 version of the withdrawal standard are proper authorities for interpreting the Rule 11 version. Id.

where the defendant fails to show sufficient grounds to justify withdrawal of the plea." Torres, 129 F.3d at 715.

If the defendant has "presented some significant questions concerning the voluntariness or general validity of the plea," the court may hold an evidentiary hearing. Maher, 108 F.3d at 1529 (internal quotation marks omitted). A hearing is not required, however, "if the movant's allegations merely contradict his earlier statements made under oath at his plea allocution." Id. (internal citations and quotation mark omitted). The court is "entitled to accept a defendant's statements under oath at a plea allocution as true." Id. at 1521.

## B. Application

Merisier has not shown sufficient grounds to withdraw his guilty plea. His claim that he was unaware that he could not withdraw his guilty plea is directly contradicted by sworn statements that he made during his plea allocution and by the express terms of his cooperation agreement. (Merisier Aff. ¶ 5.) Because the court is entitled to accept his sworn allocution statements that he understood the consequences of pleading guilty, the court finds that Merisier has not put forth sufficient reason to justify withdrawing his guilty plea. See Maher, 108 F.3d at 1521.

Merisier's cooperation agreement expressly states he would "not be released from his plea of guilty" if he "failed to cooperate fully," "intentionally gave false, misleading or incomplete information or testimony," or "committed or attempted to commit any further crimes." (Cooperation Agmt. ¶ 8.) Immediately above his signature, Merisier acknowledged that he discussed the "entire agreement" with his attorney, "understood all of its terms," and entered into it "knowingly and voluntarily." (Id. at 9.) Merisier's attorney co-signed the cooperation agreement, confirming that he discussed the "entire agreement" with Merisier. (See

id.) At his plea allocution, Merisier again acknowledged, under oath, that he understood all the terms of his cooperation agreement. At the allocution, defense counsel also stated that, in his view, Merisier understood his rights and obligations under the agreement. (Plea Tr. 14.)

The court need not address whether Merisier sets forth a sufficient reason to withdraw his plea to the extent that he asserts that the Government will not perform its obligations under the cooperation agreement. Because Merisier voluntarily breached the cooperation agreement, the Government is released from its obligations under the agreement. (See Cooperation Agmt. ¶ 8.) See United States v. El-Gheur, 201 F.3d 90, 93-94 (2d Cir. 2000) (declining to address the merits of the defendant's motion to withdraw his guilty plea based on the government's failure to file a § 5K1.1 motion after the defendant breached the express terms of his cooperation agreement).

Merisier's assertion that his limited education prevented him from appreciating the finality of entering a guilty plea is also unfounded. His allocution statements, his attorney's statements, and the court's explanation of the consequences of pleading guilty demonstrate that he sufficiently understood the finality of pleading guilty. At his plea allocution, Merisier accurately articulated the concept of "waiver" in the context of waiving his right to a grand jury indictment. (See Plea Tr. 3.) Both Merisier and his attorney stated that they discussed and that Merisier understood his rights and obligations under the cooperation agreement. At his allocution, Merisier acknowledged the court's explanation that upon pleading guilty he could only appeal an illegal sentence and that he could not appeal questions related to criminal liability. And during his allocution, Merisier declined the court's invitation to ask questions at any time during the proceeding, or immediately before entering a plea.

Merisier's proffered grounds also fail Rule 11's standard for determining a "fair and just reason." First, Merisier indicated his intention to withdraw his plea on March 10, 2010, more

than two years and three months after he pleaded guilty. See Rosen, 409 F.3d at 546 ("the longer the elapsed time, the less likely withdrawal would be fair and just") (internal quotation marks omitted). Second, Merisier does not contend that he is innocent of the crimes he pleaded guilty to. As Merisier has not shown sufficient grounds to withdraw his guilty plea, the Government need not demonstrate prejudice.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to withdraw his guilty plea is DENIED.

SO ORDERED.

Dated: Brooklyn, New York
April 28, 2010

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge